**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 11 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TLALOC MUNOZ, an individual, on behalf of himself and all others similarly situated; MIGUEL RUIZ, an individual, on behalf of himself and all others similarly situated; EDGAR CORONA, an individual, on behalf of himself and all others similarly situated,<br><br>        Plaintiffs-Appellees,<br><br>v.<br><br>EARTHGRAINS DISTRIBUTION, LLC, a Delaware limited liability company; BIMBO BAKERIES USA, INC.,<br><br>        Defendants-Appellants,<br><br>and<br><br>DOES, 1-100,<br><br>        Defendant. | Nos. 23-55818<br>      23-55819<br><br>D.C. No.<br>3:22-cv-01269-AJB-AHG<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Argued and Submitted August 15, 2024
Pasadena, California

---

    [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: BADE and FORREST, Circuit Judges, and CURIEL,[**] District Judge.

Defendants-Appellants Earthgrains Distribution, LLC and Bimbo Bakeries USA, Inc. (collectively, "Bimbo") appeal from the district court's order denying a motion to compel arbitration. We have jurisdiction under 9 U.S.C. § 16(a). We review a district court's denial of a motion to compel arbitration *de novo* and a district court's decision not to sever unconscionable portions of an arbitration agreement for abuse of discretion. *Lim v. TForce Logistics, LLC*, 8 F.4th 992, 999 (9th Cir. 2021) (first citing *Brown v. Dillard's Inc.*, 430 F.3d 1004, 1009 (9th Cir. 2005); and then citing *Bridge Fund Cap. Corp. v. Fastbucks Franchise Corp.*, 622 F.3d 996, 1000 (9th Cir. 2010)).

The district court concluded that (1) the parties had not mutually assented to the arbitration clause and that (2) even if they had, the arbitration clause was unconscionable and could not be preserved via the contract's severability clause. Bimbo argues that both conclusions are error.

Assuming mutual assent, the arbitration clause is unenforceable because it is both procedurally and substantively unconscionable. *See Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1280 (9th Cir. 2006) (citing *Armendariz v. Found. Health Psychcare Servs., Inc.*, 6 P.3d 669, 690 (Cal. 2000)) ("California courts employ a

---

[**] The Honorable Gonzalo P. Curiel, United States District Judge for the Southern District of California, sitting by designation.

2

sliding scale in analyzing whether the entire arbitration provision is unconscionable . . . ."). Procedural unconscionability may be established through either oppression or surprise. *See Sanchez v. Valencia Holding Co., LLC*, 353 P.3d 741, 748 (Cal. 2015) (quoting *Sonic-Calabasas A, Inc. v. Moreno*, 311 P.3d 184, 194 (Cal. 2013)). Here, oppression suffices.

The Distribution Agreement was a contract of adhesion presented to Plaintiffs-Appellees on standardized, preprinted forms that were nonnegotiable. In addition, Plaintiffs-Appellees have not completed a college degree, and they did not have an opportunity to have an attorney review the Distribution Agreement. In contrast, Bimbo was a sophisticated company, being the "largest baking company in the United States," with the parent company generating billions of dollars in sales. *See OTO, L.L.C. v. Kho*, 447 P.3d 680, 690–91 (Cal. 2019) (considerations suggesting oppression include the education of the party and whether the party was aided by an attorney) (citation omitted). We conclude that the Distribution Agreement is procedurally unconscionable to a moderate degree.

Plaintiffs-Appellees contend that the contract terms contain a number of one-sided, substantively unconscionable provisions. To begin with, the "Covered Disputes"—i.e., the employment claims that must be arbitrated—are more likely to be brought by Plaintiffs-Appellees, and the "Excluded Disputes"—which include claims related to Bimbo's intellectual property, trademarks, and trade secrets—are

more likely to be brought by Bimbo. In *Armendariz*, the California Supreme Court held that an arbitration provision that required an employee to arbitrate employee claims regarding wrongful termination but gave the employer a choice of forums was unconscionably unilateral. 6 P.3d at 694. State courts applying *Armendariz* have consistently refused to enforce similar provisions. *See, e.g.*, *Fitz v. NCR Corp.*, 13 Cal. Rptr. 3d 88, 104 (Cal. Ct. App. 2004) (finding carve-out for trade secret, noncompetition, and intellectual property disputes to be substantively unconscionable); *Mercuro v. Superior Ct.*, 116 Cal. Rptr. 2d 671, 674, 677 (Cal. Ct. App. 2002) (same).

*Armendariz* also recognized that in the context of business realities, if "an employer [has] a reasonable justification for the arrangement," it would not be unconscionable. 6 P.3d at 691–93. However, that justification must be explained in the contract or established factually. *Fitz*, 13 Cal. Rptr. 3d at 103. The district court found Bimbo "present[ed] no argument or evidence to demonstrate business realities" existed to justify a non-mutual carve-out for intellectual property claims. As a result, the argument has been waived. *See O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1063 n.3 (9th Cir. 2007) ("Because these arguments were not raised before the district court, they are waived."); *Scott v. Ross*, 140 F.3d 1275, 1283 (9th Cir. 1998) (explaining courts have discretion to consider issue raised for the first time on appeal when "the issue presented is purely one of law and either

4

does not depend on the factual record developed below, or the pertinent record has been fully developed") (citation omitted).[1]

Even considering this waived argument, Bimbo has failed to articulate any special need that would justify the carve-out. Bimbo argues on appeal that the non-mutual carve-out for intellectual property claims does not render the agreement unconscionable because of "business realities" evidenced by Article 12.6 (stating the Parties' agreement to an injunctive remedy for trademark claims) and Article 6.9 (stating the Parties' agreement to injunctive relief for protection of confidential/proprietary information claims). These exceptions do not offer evidence of business needs; they are merely injunctive relief provisions drafted by Bimbo. *Cf. Martinez v. Vision Precision Holdings, LLC*, No. 1:19-cv-01002-DAD-JLT, 2019 WL 7290492, at *9 (E.D. Cal. Dec. 30, 2019) ("brief conclusory assertion" that the carve-out protects Defendants' legitimate interests is an insufficient justification for the one-sided exemption).

Bimbo also relies on *Baltazar v. Forever 21*, 367 P.3d 6 (Cal. 2016), for the proposition that one-sided protection for defendant's trade secrets and confidential information is not unconscionable. However, *Baltazar* did not involve a one-sided carve-out that excluded intellectual property claims from arbitration. Instead, it

---

[1] Because Bimbo's business realities argument is waived and otherwise rejected, Plaintiffs-Appellees' related motion for judicial notice is denied.

5

involved challenges to a mutual injunctive relief provision and confidentiality provisions requiring the parties to protect Forever 21's trade secrets and proprietary information. *Id.* at 13–15. Neither of these types of clauses are at issue here and *Baltazar* provides no support for Bimbo's position.

Finally, Bimbo relies on *Tompkins v. 23andMe*, 840 F.3d 1016 (9th Cir. 2016), to support its argument that the carve-out of intellectual property claims is not unconscionable. However, in *Tompkins*, the court found a modicum of bilaterality where consumers retained certain intellectual property rights, including rights in user-generated content and genetic information. *Id*. at 1031. Here, Bimbo has failed to identify any intellectual property rights of the Plaintiffs-Appellees that require protection. Further, in *Tompkins,* unlike here, the Defendant offered legitimate business needs for the carve-out. *Id*.

The inequality created by the one-sided agreement in this case is further exacerbated by the shortened limitations period of Covered Disputes, which include claims under the California Labor Code that ordinarily may be pursued within four years, to thirty or sixty days.[2] This amounts to a reduction of as much as 98%, and Bimbo does not provide any cases upholding anything remotely similar. To the contrary, California cases have struck down less onerous

---

[2] The Distribution Agreements for Tlaloc Munoz and Miguel Ruiz specify thirty days, and the Distribution Agreement for Edgar Corona specifies sixty days.

6

provisions that set six-month limitations. *See, e.g.*, *Martinez v. Master Prot. Corp.*, 12 Cal. Rptr. 3d 663, 669–72 (Cal. Ct. App. 2004) (invalidating shortened limitations period of six months); *Ramirez v. Charter Commc'ns, Inc.*, 551 P.3d 520, 535–36 (finding provision that shortened period applicable to Fair Employment and Housing Act claims by 67% was unconscionable); *Ellis v. U.S. Sec. Assocs.*, 169 Cal. Rptr. 3d 752, 757, 759 (Cal. Ct. App. 2014) (concluding six-month limitation on the filing of any employee claim violated public policy). Further highlighting the one-sided nature of the carve-outs, Bimbo's excluded intellectual property claims remain unaffected by any limitations period reduction.

Finally, the arbitration agreement is enforced unilaterally via a liquidated damages provision of $10,000 that applies only to Plaintiffs-Appellees' attempt to prosecute a Covered Dispute in court. Bimbo admits that this provision is unconscionable.

Each of these provisions is substantively unconscionable, and the district court did not abuse its discretion when it refused to sever them. Courts may sever an unconscionable provision where "the illegality is collateral to the contract's main purpose; it is possible to cure the illegality by means of severance; and enforcing the balance of the contract would be in the interests of justice." *Ramirez*, 551 P.3d at 547 (emphasis omitted). The district court found that the number of unconscionable provisions demonstrated Bimbo's "intent to force a weaker party

7

into unfair arbitration." It concluded that Bimbo had "overreached" in its drafting of the agreement and that refusing to sever the unconscionable provisions would "discourage future exploitation of weaker parties." *See Mills v. Facility Sols. Grp., Inc.*, 300 Cal. Rptr. 3d 833, 840, 859–60 (Cal. Ct. App. 2022) (severing multiple unconscionable provisions and enforcing remainder creates incentive for one-sided arbitration agreements). These conclusions are well-supported by the record and do not constitute an abuse of discretion.[3]

**AFFIRMED.**

---

[3] We grant Bimbo's motion to file a corrected reply brief.